UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


SAM BROOKS,

        Petitioner,

                                      CASE NO. 2:06-CV-14180
v.                               HONORABLE ARTHUR J. TARNOW

BLAINE LAFLER,

        Respondent.
_____/

**<u>OPINION AND ORDER DENYING CLAIMS ONE AND THREE OF THE HABEAS CORPUS PETITION AND ORDERING THE APPOINTMENT OF COUNSEL FOR FURTHER PROCEEDINGS ON CLAIM TWO</u>**

I.    <u>Introduction</u>

Michigan prisoner Sam Brooks ("Petitioner") has filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 asserting that he is being held in violation of his constitutional rights. Petitioner was convicted of assault with intent to murder, felon in possession of a firearm, and possession of a firearm during the commission of a felony following a bench trial in the Wayne County Circuit Court. He was sentenced to 20 to 60 years imprisonment on the assault conviction, a concurrent term of two to five years imprisonment on the felon in possession conviction, and a consecutive term of two years imprisonment on the felony firearm conviction in 2004.

1

In his pleadings, Petitioner raises claims concerning: (1) the sufficiency of the evidence, (2) the denial of a request for substitute counsel, and (3) the validity of his sentence. For the reasons set forth in this opinion, the Court denies relief on claims one and three of the habeas corpus petition and orders the appointment of counsel for further proceedings on claim two of the petition.

II. Facts

Petitioner's convictions arise from the shooting of a woman in Detroit, Michigan on November 3, 2003. The Michigan Court of Appeals set forth the relevant facts, which are presumed correct on habeas review, see Monroe v. Smith, 197 F. Supp. 2d 753, 758 (E.D. Mich. 2001), aff'd. 41 Fed. Appx. 730 (6th Cir. 2002), as follows:

> Evelyn Jackson and Arthur Everette drove to a house on Greendale Street in Detroit at approximately midnight on November 3, 2003. Everette participated in a dice game at the house and won a sum of money. Also present was a man named Tone and defendant. All witnesses agreed that defendant was dressed in gray, black, and white army fatigues that night. During a later interview with Investigator Joseph Rocha, defendant replied affirmatively to an inquiry whether he was wearing a "gray and black camo pattern." Shortly after Jackson and Everette left the Greendale residence, Everette received a phone call from Tone allegedly requesting that he return, which he did.
>
> A vehicle pulled up behind Everette's car shortly after he arrived, and Tone got out of the Taurus and went to the driver's side of Everette's car, where Everette was seated. Everette and Jackson both identified the car as a black Ford Taurus, and Everette further indicated that it featured a pinstripe. Everette then saw a person wearing black and white fatigues get out of the passenger side of the Taurus, approach the passenger side of his vehicle,

>and fire several gunshots near the passenger side. Jackson testified that she was sitting in the passenger seat, with her arm in the window, and was shot in her right arm. Jackson explained that after the first shot, she turned to face the direction of where the shots were originating, and was then shot in the left arm and in the back of her head. Jackson testified that after the shooting, the person dressed in black and white camouflage ran from the passenger side of Everette's car to the Taurus. Neither Jackson nor Everette could see the shooter's face, but maintained that the shooter was dressed in gray, black, and white fatigues. Everette testified that after the shots were fired, he quickly drove away, and the Taurus unsuccessfully attempted to follow him.
>
>Kathleen Lauzon, defendant's fiancée at the time, picked defendant up from a location near the dice game at approximately 2:00 a.m. on November 4, 2003. She testified that defendant was wearing gray, white, and black fatigues at the time, and he was with Tone, who drove a midnight blue Ford Taurus with a pinstripe. They initially drove toward Tone's house, but drove to a different location when they encountered police vehicles in front of the house. Lauzon testified that defendant appeared agitated, and he told her that he had attempted to "hit a lick" earlier that night, but failed and shot a woman, and he had to "give her a facial" when she tried to look at him. Lauzon testified that she understood these terms to mean defendant had attempted to commit a robbery and had shot the woman in the face. She further testified that defendant later referred to the incident by stating that "[he] already shot one bitch." However, defendant later told the police that he was present near, but uninvolved in the shooting, and he denied being with Lauzon later that night. He noted that Tone was known to carry a gun.

*People v. Brooks*, No. 258259, 2005WL 3416152, *1 (Mich. Ct. App. Dec. 13, 2005) (unpublished).

III.   Procedural History

Following his convictions and sentencing, Petitioner filed an appeal as of right with the Michigan Court of Appeals raising the same claims contained in the present

3

petition. The Michigan Court of Appeals affirmed his convictions. *Id.* Petitioner filed an application for leave to appeal with the Michigan Supreme Court, which was denied. *People v. Brooks*, 474 Mich. 1130, 712 N.W.2d 718 (2006).

Petitioner thereafter filed his federal habeas petition, raising the following claims:

I. There was insufficient evidence at trial to support the trial court's guilty verdict since none of the eyewitnesses could identify the assailant.

II. The trial judge committed reversible error by refusing to let him fire defense counsel, by failing to adequately inquire into and resolve his problems with counsel's representation, and by failing to appoint new counsel or let him represent himself.

III. Re-sentencing is appropriate because the trial court sentenced him at the high end of the judicial guidelines range based on inaccurate information.

Respondent has filed an answer to the petition contending that it should be denied for lack of merit.

IV. Analysis

A. Standard of Review

Federal law imposes the following standard of review for habeas cases:

An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –

4

(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceedings.

28 U.S.C. § 2254(d). Additionally, this Court must presume the correctness of state court factual determinations. 28 U.S.C. § 2254(e)(1).

B. Habeas Claim One - Insufficient Evidence

Petitioner first asserts that he is entitled to habeas relief because the prosecution failed to present sufficient evidence to support his convictions. Specifically, Petitioner claims that there was insufficient evidence to convict him of the charged offenses because none of the eyewitnesses specifically identified him as the shooter. In *Jackson v. Virginia*, 443 U.S. 307 (1979), the United States Supreme Court established that the standard of review for a sufficiency of the evidence challenge must focus on whether "after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Id.* at 319. The Court must view this standard through the framework of 28 U.S.C. § 2254(d). *See Martin v. Mitchell*, 280 F.3d 594, 617 (6th Cir. 2002). The *Jackson* standard must be applied "with explicit reference to the substantive elements of the criminal offense as defined by state law." *Jackson*, 443 U.S. at 324 n. 16. "The mere

5

existence of sufficient evidence to convict therefore defeats a petitioner's claim." *Matthews v. Abramajtys*, 319 F.3d 780, 788-89 (6th Cir. 2003) (citation omitted).

Under Michigan law, a conviction for assault with intent to murder requires proof beyond a reasonable doubt that the defendant committed: "(1) an assault, (2) with an actual intent to kill, (3) which, if successful, would make the killing murder." *People v. Hoffman*, 225 Mich. App 103, 111, 570 N.W.2d 146 (1997); *see* Mich. Comp. L. § 750.83. Circumstantial evidence and reasonable inferences drawn therefrom may be sufficient to prove the elements of the crime, *see People v. Jolly*, 442 Mich. 458, 466, 502 N.W.2d 177 (1993), including a defendant's intent or state of mind. *See People v. Dumas*, 454 Mich. 390, 398, 563 N.W.2d 31 (1997). The elements of felon in possession are: (1) that the defendant was convicted of a felony, (2) that the defendant possessed a firearm, and (3) that at the time of possession less than three or five years, depending on the underlying felony, has passed since the defendant had completed his term of incarceration, satisfied all conditions of probation and parole, and paid all fines. *See* Mich. Comp. L. § 750.224f. The elements of felony firearm are possession of a firearm during the commission or attempted commission of a felony. *See People v. Moore*, 470 Mich. 56, 58, 679 N.W.2d 41 (2004); Mich. Comp. L. § 750.227b.

Applying the *Jackson* standard, the Michigan Court of Appeals concluded that the prosecution presented sufficient evidence to support Petitioner's convictions. The court

explained in relevant part:

> The evidence was undisputed that Tone, Everette, Jackson, and defendant were at a dice game on Greendale Street, and defendant was wearing gray, black, and white army fatigues at the time. No one else was wearing a camouflage pattern. Everette received a telephone call from Tone summoning him back to the Greendale location after he and Jackson left. While parked outside, Tone approached the driver's side where Everette was seated, and a person wearing gray, black, and white army fatigues approached the passenger side and fired several shots. Although neither Jackson nor Everette could see the shooter's face, both described the shooter as wearing army fatigues. Evidence was also presented that defendant's fiancée met defendant near the location of the dice game and shortly thereafter, and that defendant was with Tone and wearing a gray, black, and white camouflage outfit. She testified that defendant seemed "agitated" and explained that he had shot a woman in the face when she tried to look at him during a failed robbery earlier in the evening. That statement about the circumstances of the shooting closely matches Jackson's testimony that she was shot two additional times when she turned to look in the direction of the shooter.
>
> When viewed in a light most favorable to the prosecution, a rational trier of fact could reasonably infer that defendant was the shooter. The fact that neither Jackson nor Everette could identify him by face does not preclude a finding of guilt. Although defendant asserts that evidence supporting his conviction was weak and his former fiancée's testimony was not credible, the trier of fact was entitled to accept or reject any of the evidence presented. *See People v. Perry*, 460 Mich 55, 63; 594 NW2d 477 (1999). The trial court, as the trier of fact, could reasonably find that defendant's claims that his fiancée was not with him and that Tone was the perpetrator were not credible. Defendant raises no other sufficiency challenges, so we find the evidence sufficient to convict him of the charged offenses.

*Brooks*, 2005 WL 3416152 at *2.

Having reviewed the record, this Court finds that the Michigan Court of Appeals' determination in this regard is neither contrary to *Jackson* nor an unreasonable application of the law or the facts. The testimony of victim Evelyn Jackson and eyewitness Arthur Everette, as well as that of Petitioner's former fiancee, provided sufficient evidence to establish that Petitioner committed the shooting.

Petitioner's insufficiency of evidence claim attacks the inferences that the finder of fact drew from the testimony at trial. Such determinations, however, are not matters for federal habeas review. "A federal habeas corpus court faced with a record of historical facts that supports conflicting inferences must presume – even if it does not affirmatively appear in the record – that the trier of fact resolved any such conflicts in favor of the prosecution, and must defer to that resolution." *Walker v. Engle*, 703 F.2d 959, 970 (6th Cir. 1983). It is the job of the jury, not a federal habeas court, to resolve evidentiary conflicts. *See Jackson*, 443 U.S. at 326; *Martin*, 280 F.3d at 618. Given the testimony at trial, this Court concludes that the state court's decision that a rational trier of fact could find the essential elements of the crimes charged beyond a reasonable doubt was reasonable. Habeas relief is not warranted on this claim.

C.  Habeas Claim Two - Sentencing

Petitioner also asserts that he is entitled to habeas relied because the trial court sentenced him at the high end of the guideline range on his assault conviction based upon

inaccurate information. Claims which arise out of a state trial court's sentencing decision are not normally cognizable upon habeas review unless the petitioner can show that the sentence imposed exceed the statutory limits or is wholly unauthorized by law. *See Lucey v. Lavigne*, 185 F. Supp. 2d 741, 745 (E.D. Mich. 2001).

The Michigan Court of Appeals denied relief on Petitioner's sentencing claim, stating in relevant part as follows:

> The trial court initially sentenced defendant to 240 months imprisonment on the basis of an erroneous guideline scoring that resulted in a range from 171 to 356 months. The trial court subsequently agreed with defendant that the correct sentencing guidelines range was 126 to 262 months. However, it refused to change the sentence, stating, "I actually thought that the sentence I gave was fair. And just because the guidelines have gone down, it's not going to change my mind." Thus, defendant's sentence was finalized and within the guidelines range on the basis of an accurately-scored guidelines range and accurate information. His final sentence was within the guidelines range and not based on any errors or inaccuracies, so he is not entitled to resentencing.

*Brooks*, 2005 WL 3416152 at *4.

This decision is neither contrary to Supreme Court precedent nor an unreasonable application thereof. To the extent that Petitioner challenges the scoring of his sentencing guidelines under state law, he is not entitled to relief from this Court. A claim that the state sentencing guidelines were incorrectly scored fails to state a claim upon which federal habeas relief can be granted. *See, e.g., Howard v. White*, 76 Fed. Appx. 52, 53 (6th Cir. 2003) (unpublished); *McPhail v. Renico*, 412 F. Supp. 2d 647, 656 (E.D. Mich.

2006); *Cook v. Stegall*, 56 F. Supp. 2d 788, 797 (E.D. Mich. 1999). State courts are the final arbiters of state law and the federal courts will not intervene in such matters. *See Lewis v. Jeffers*, 497 U.S. 764, 780 (1990); *Oviedo v. Jago*, 809 F.2d 326, 328 (6th Cir. 1987). Petitioner's assault conviction sentence is within the statutory maximum. *See* Mich. Comp. L. § 750.83. Petitioner has failed to state a claim upon which federal habeas relief may be granted as to this issue.

Petitioner asserts that his sentence violates due process because it is based upon inaccurate information. A sentence may violate due process if it is carelessly or deliberately pronounced on an extensive and materially false foundation which the defendant had no opportunity to correct. *See Townsend v. Burke*, 334 U.S. 736, 741 (1948); *see also United States v. Tucker*, 404 U.S. 443, 447 (1972); *United States v. Sammons*, 918 F.2d 592, 603 (6th Cir. 1990) (defendant must have a meaningful opportunity to rebut contested information at sentencing). To prevail on such a claim, the petitioner must show that the trial judge relied upon the allegedly false information. *See United States v. Polselli*, 747 F.2d 356, 358 (6th Cir. 1984); *Draughn v Jabe*, 803 F. Supp. 70, 81 (E.D. Mich. 1992).

Petitioner has made no such showing. The record indicates that Petitioner's sentencing guidelines, although initially scored in error, were corrected by the trial court and that Petitioner's assault conviction sentence was within the appropriate guideline

Brooks v. Lafler
2:06-CV-14180
Page 11 of 12

range under state law. Petitioner has not alleged any facts which demonstrate that the state trial court relied upon materially false or inaccurate information in imposing his sentence, nor has he shown that he was denied an opportunity to correct perceived errors in the record. As noted, conclusory allegations without evidentiary support do not provide a basis for habeas relief. *See, e.g., Workman*, 160 F.3d at 287. Habeas relief is not warranted on this claim.

      D.     <u>Habeas Claim Two - Substitute Counsel</u>

Petitioner also asserts that he is entitled to habeas relief because the trial court denied his request for substitute counsel and failed to adequately inquire into his request for new counsel. Having reviewed the pleadings and the relevant state court record, the Court finds that additional briefing, oral argument, and/or an evidentiary hearing may be required to properly resolve this issue. The Court further finds that the interests of justice require the appointment of counsel to assist Petitioner with such proceedings. *See* 18 U.S.C. § 3006A(a)(2)(B); 28 U.S.C. foll. § 2254, Rules 6(a) and 8(c). Accordingly, the Court shall issue an order appointing counsel for further proceedings on this habeas claim and any related matters. The Court makes no determination as to the merits of this claim at this time.

V.  Conclusion

For the reasons stated, the Court concludes that Petitioner is not entitled to federal habeas relief on claims one and three of the petition, but that the appointment of counsel is necessary for the resolution of claim two of the petition.

Accordingly,

**IT IS ORDERED** that claims one and three of the petition for writ of habeas corpus are **DENIED** and **DISMISSED WITH PREJUDICE**. The Court reserves judgment as to claim two of the petition pending further proceedings consistent with this opinion.

S/Arthur J. Tarnow
Arthur J. Tarnow
United States District Judge

Dated:  July 14, 2008

I hereby certify that a copy of the foregoing document was served upon parties/counsel of record on July 14, 2008, by electronic and/or ordinary mail.

S/Catherine A. Pickles
Judicial Secretary