UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SAM BROOKS,

        Petitioner,

                                    CASE NO. 2:06-CV-14180
v.                                  HONORABLE ARTHUR J. TARNOW

BLAINE LAFLER,

        Respondent.
_____/

**OPINION AND ORDER DENYING CLAIM TWO
OF THE HABEAS CORPUS PETITION AND DISMISSING PETITION WITH
PREJUDICE**

I.      Introduction

      Michigan prisoner Sam Brooks ("Petitioner") has filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 asserting that he is being held in violation of his constitutional rights.  Petitioner was convicted of assault with intent to murder, felon in possession of a firearm, and possession of a firearm during the commission of a felony following a bench trial in the Wayne County Circuit Court.  He was sentenced to 20 to 60 years imprisonment on the assault conviction, a concurrent term of two to five years imprisonment on the felon in possession conviction, and a consecutive term of two years imprisonment on the felony firearm conviction in 2004.  Petitioner raises claims concerning the sufficiency of the evidence, the denial of a request for substitute counsel, and the validity of his sentence in his pleadings.

The Court previously denied Petitioner relief on his sufficiency of the evidence and sentencing claims, but appointed counsel to provide supplemental briefing and/or to conduct a hearing on the substitute counsel claim. Appointed habeas counsel filed a supplemental brief in support of the substitute counsel claim. Respondent did not file a reply. Oral argument was conducted. Following that proceeding, the Court issued a writ of habeas corpus ad subjiciendum so that Petitioner could be transferred to a nearby prison to meet with his appointed habeas attorney and determine the necessity for an evidentiary hearing. Petitioner's habeas counsel subsequently informed the Court that no further hearing was required and that Petitioner would rely upon his pleadings.

Having reviewed the record and for the reasons set forth herein, the Court denies relief on the remaining substitute counsel claim and dismisses the petition for writ of habeas corpus.

II.     Facts and Procedural History

The Court incorporates the statement of facts and procedural history set forth in its prior opinion and need not repeat them here. Additionally, the Court adopts Petitioner's statement of facts on the substitute counsel issue as set forth in his supplemental brief filed by counsel, insofar as those facts are consistent with the record, as Respondent has not disputed them. *See Dickens v. Jones*, 203 F. Supp. 2d 354, 360 (E.D. Mich. 2002); *see also Bland v. California Dep't. of Corrections*, 20 F.3d 1469, 1474 (9th Cir. 1994).

III.    Analysis

    A.    Standard of Review

Federal law imposes the following standard of review for habeas cases:

An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –

(1)    resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2)    resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceedings.

28 U.S.C. § 2254(d). Additionally, this Court must presume the correctness of state court factual determinations. 28 U.S.C. § 2254(e)(1).

    B.    Substitute Counsel Claim

Petitioner asserts that he is entitled to habeas relief because the trial court denied his request for substitute counsel and failed to adequately inquire into his request for new counsel. The Sixth Amendment provides, in relevant part, that "[i]n all criminal prosecutions the accused shall enjoy the right ... to have the Assistance of Counsel for his defense." U.S. Const. amend. VI. The right to counsel encompasses the right to counsel of choice, but that right is generally cognizable only to the extent defendant can retain counsel with private funds; an indigent defendant does not have an absolute right to choose appointed counsel. *See United States v. Gonzalez-Lopez*, 548 U.S. 140, 151 (2006). The right to counsel of one's choice is not absolute,

and "is circumscribed in several important respects." *Wheat v. United States*, 486 U.S. 153, 159 (1988).  The United States Supreme Court has recognized a trial court's wide latitude in balancing the right to counsel of choice against the needs of fairness, *id*. at 163-64, and against the demands of its calendar, *Morris v. Slappy*, 461 U.S. 1, 11-12 (1983).  Furthermore, "a court must beware that a demand for counsel may be utilized as a way to delay proceedings or trifle with the court." *United States v. Krzyske*, 836 F.2d 1013, 1017 (6th Cir. 1988).  Moreover, "while the right to select and be represented by one's preferred attorney is comprehended by the Sixth Amendment, the essential aim of the Amendment is to guarantee an effective advocate for each criminal defendant rather than to ensure that a defendant will inexorably be represented by the lawyer whom he prefers." *Wheat*, 486 U.S. at 159.

Because an indigent defendant has no absolute right to appointed counsel of choice and because the focus of the Sixth Amendment inquiry is on effective advocacy,  a criminal defendant who is dissatisfied with appointed counsel must show "good cause" to warrant the substitution of counsel.  *See United States v. Iles*, 906 F.2d 1122, 1130 (6th Cir. 1990).  Good cause includes "a conflict of interest, a complete breakdown in communication or an irreconcilable conflict with [an] attorney." *Wilson v. Mintzes*, 761 F.2d 275, 280 (6th Cir. 1985). The decision regarding whether to appoint new counsel at a defendant's request is committed to the sound discretion of the district court.  *See United States v. Trujillo*, 376 F.3d 593, 606 (6th Cir. 2004).

The United States Court of Appeals for the Sixth Circuit has cited three factors to consider when evaluating a trial court's denial of a request for substitute counsel: (1) the timeliness of the motion; (2) the adequacy of the court's inquiry into the defendant's complaint; and (3) whether the conflict between the attorney and the defendant was so great that it resulted in a total lack of communication preventing an adequate defense. *See Benitez v. United States*, 521 F.3d 625, 632 (6th Cir. 2008) (citing *Iles*, 906 F.2d at 1131, n.8). These factors are balanced with the public's interest in the prompt and efficient administration of justice. *See Iles*, 806 F.2d at 1131, n. 8 (citing *Wilson*, 761 F.2d at 280); *see also United States v. Mack*, 258 F.3d 548, 556 (6th Cir. 2001).

In this case, the Michigan Court of Appeals concluded that Petitioner had failed to establish that the trial court abused its discretion in denying his request for substitute counsel. The court explained in relevant part:

> On the first day of trial, defendant claimed that defense counsel was "not representing [him] right," had not given him discovery, and had visited him only four times. In response, defense counsel stated that she had provided defendant the requested discovery on June 21, 2004, had been in touch with him regularly, and was prepared to try the case despite the fact that some of her preparation occurred outside of defendant's presence. Defense counsel explained that defendant did not like her assessment of the evidence, and noted that other lawyers would make the same assessment. Our review of the record reveals that defendant was dissatisfied with the general manner in which his case was being handled, but he failed to show any legitimate disagreement with trial counsel over fundamental trial tactics. The record shows that defense counsel presented a cogent and vigorous defense, effectively cross-examined prosecution witnesses, and was prepared and competent to represent defendant. We find no indication that defendant was prejudiced by trial counsel not spending as much time with him as he would have liked. In sum, there is no indication that a complete breakdown of the attorney-client relationship occurred, that communication

> between defendant and his attorney had ceased, or that there was any disagreement regarding defense strategy.
>
> On appeal, defendant complains that there is no indication what defense counsel did with "Investigative Subpoenas" that she obtained from him. Defendant does not indicate what the subpoenas were for or what supportive information they would have yielded. "Defendant may not leave it to this Court to search for a factual basis to sustain or reject his position." *Traylor, supra* at 464 (citation omitted). Moreover, defense counsel's decisions concerning what witnesses to call, and what evidence to present are presumed to be matters of trial strategy, *People v. Rockey*, 237 Mich App 74, 76; 601 NW2d 887 (1999), which do not support a finding of good cause for substitution. *See Traylor, supra* at 463. Consequently, because defendant failed to show good cause justifying substitution of counsel, the trial court did not abuse its discretion by denying defendant's request for new counsel.

*Brooks*, 2005 WL 3416152 at *3 (footnote omitted).

This Court finds that the Michigan Court of Appeals' decision is neither contrary to Supreme Court precedent nor an unreasonable application of federal law or the facts. Petitioner first expressed dissatisfaction with defense counsel on the day of trial. This occurred following discussions between the trial court and the parties regarding a plea offer which would have provided Petitioner with a reduced sentence (either 9 ½ to 30 years or 10 to 20 years, plus two years). Petitioner refused to accept the plea bargain and instead requested new counsel. Petitioner's request for substitute counsel on the day set for trial was untimely. *See Trujillo*, 376 F.3d at 606-07 (motion for substitute counsel filed three days before trial was untimely); *United States v. Wilhite*, 108 Fed. Appx. 367, 369 (6th Cir. 2004) (citing *United States v. Williams*, 176 F.3d 301, 314 (6th Cir. 1999), and ruling that withdrawal motion submitted six days before trial was untimely); *accord United States v. Reevey,* 364 F.3d 151, 157 (4th Cir. 2004) ("a

continuance request for the substitution of counsel made on the first day of trial is clearly 'untimely under all but the most exigent circumstances'"). Petitioner does not explain why he waited until the first day of trial to voice his concerns about defense counsel.

Additionally, the state trial court conducted a sufficient inquiry into Petitioner's request for substitute counsel. The court asked Petitioner why he wanted another lawyer and he replied, "Because I feel that she's not representing me right." The court then asked Petitioner whether his dissatisfaction arose from the plea offer, and Petitioner said no. Petitioner explained that he had not received "some things" that he had requested, but then acknowledged that he had received some papers the previous day. He also complained that he had only seen counsel four times (or two times) outside of court. Trial counsel responded that she had met with Petitioner, provided him with discovery twice, spoken with the prosecutor, and was fully prepared to try the case. While the trial court could have arguably conducted a more thorough inquiry into Petitioner's request, it nonetheless performed a reasonable inquiry given the timing and nature of his complaints. *See, e.g., Flowers v. Fair,* 680 F.2d 261, 262 (1st Cir. 1982) (stating that there is "no mechanistic constitutional requirement" that a trial court conduct an extensive inquiry into the reasons why a defendant wishes to discharge counsel on the eve of trial when the defendant offers no specific or substantial complaints). This is not a case where the trial court ignored or summarily denied a request for substitute counsel without making any inquiry into the facts underlying the request. *See, e.g., Benitez*, 521 F.3d at 535-36; *Cottenham v. Jamrog*, 248 Fed. Appx. 625, 636 (6th Cir. 2007) (holding that a habeas petitioner's right to counsel was denied on

appeal where the state court failed to promptly grant a hearing to investigate his repeated objections to being represented by an attorney retained by his family); *Linton v. Perini*, 656 F.2d 207, 211-12 (6th Cir. 1981) (defendant's right to counsel was violated by the court's summary denial of motion for substitution).

Lastly, Petitioner's complaints about defense counsel's performance and advice were not credited nor viewed as substantial by the trial court and do not establish good cause for substitution. Although Petitioner complained that trial counsel only saw him either four or two times outside of court appearances and failed to provide him with all of the discovery, trial counsel stated that she had adequately consulted with Petitioner, that she had provided him with initial and supplemental discovery, that she had prepared for trial outside his presence, that she was ready to defend him, and that her assessment of the case was appropriate and reasonable. The trial court credited defense counsel's version of events and found that Petitioner had failed to establish good cause for substitution.

This Court finds no reason to disturb the state court's determination that Petitioner had not established good cause for the substitution of counsel. Petitioner has not shown that a legitimate breakdown in the attorney-client relationship occurred, that he and trial counsel had a substantial disagreement about his defense, that trial counsel had a conflict of interest, or that good cause otherwise existed for the substitution of counsel on the day set for trial. His claims of dissatisfaction with counsel, even upon habeas review, are conclusory and unsupported. Conclusory allegations, without evidentiary support, do not provide a basis for habeas relief. *See*

*Workman v. Bell*, 160 F.3d 276, 287 (6th Cir. 1998) (conclusory allegations of ineffective assistance of counsel do not justify federal habeas relief); *see also Zettlemoyer v. Fulcomer*, 923 F.2d 284, 301 (3rd Cir. 1991) (bald assertions and conclusory allegations do not provide sufficient basis to hold an evidentiary hearing in habeas proceedings).

Moreover, the Court has given Petitioner and habeas counsel ample opportunity to present additional information about trial counsel's alleged failures and any perceived conflict of interest or breakdown in the attorney-client relationship, but no such evidence has been presented. There is also no indication in the record that Petitioner had difficulties with defense counsel during the trial or that he sought to represent himself due to disagreements over the handling of his case. In fact, Petitioner does not challenge the effectiveness of trial counsel in his petition, nor does he assert that he was denied the right to present a meaningful defense. *See Wheat*, 486 U.S. at 159 (stating that the essential aim of the Sixth Amendment is "to guarantee an effective advocate for each criminal defendant rather than to ensure that a defendant will inexorably be represented by the lawyer whom he prefers"); *Ray v. Curtis*, 21 Fed. Appx. 333, 334 (6th Cir. 2001); *see also Wilhite,* 108 Fed. Appx. at 369-70 (ruling that any error in denying defendant's motion for substitute counsel was harmless). Petitioner has failed to establish that his constitutional rights were violated by the trial court's denial of his request for substitute counsel. Habeas relief is therefore not warranted on this claim.[1]

---

[1] While the Court does not believe that Petitioner is entitled to habeas relief on the claims contained in his petition, it is troubled by the fact that he waived his right to a jury trial following his rejection of the plea offer, the trial court's remarks about that offer, and the trial court's

Brooks v. Lafler
2:06-CV-14180
Page 10 of 10

V.    <u>Conclusion</u>

For the reasons stated, the Court concludes that Petitioner is not entitled to federal habeas relief on the substitute counsel claim presented in his petition.

Accordingly,

**IT IS ORDERED** that claim two of the petition for writ of habeas corpus is **DENIED** and **DISMISSED WITH PREJUDICE**.


<u>S/Arthur J. Tarnow</u>
Arthur J. Tarnow
United States District Judge

Dated: April 30, 2009

I hereby certify that a copy of the foregoing document was served upon parties/counsel of record on April 30, 2009, by electronic and/or ordinary mail.

<u>S/Catherine A. Pickles</u>
Judicial Secretary

---

denial of the substitute counsel request.  The voluntariness of Petitioner's jury trial waiver and defense counsel's advice as to that waiver are suspect under such circumstances.  Petitioner, however, has not presented these issues to the state courts nor has he raised them in his current petition.