UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SAM BROOKS,

        Petitioner,

                                                            CASE NO. 2:06-CV-14180
v.                                                    HONORABLE ARTHUR J. TARNOW

BLAINE LAFLER,

        Respondent.
_____/

**ORDER GRANTING IN PART AND DENYING IN PART PETITIONER'S APPLICATION FOR A CERTIFICATE OF APPEALABILITY**

Petitioner, through counsel, has filed an application for a certificate of appealability concerning the Court's denial of his federal habeas petition. The Court denied Petitioner's habeas claims on their merits.

A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a federal district court rejects a habeas claim on the merits, the substantial showing threshold is met if the petitioner demonstrates that reasonable jurists would find the district court's assessment of the constitutional claim debatable or wrong. *See Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000). "A petitioner satisfies this standard by demonstrating that . . . jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). In applying this standard, a district court may not conduct a full merits review, but must limit its examination to a threshold inquiry into the underlying merit of the petitioner's claims. *Id*. at 336-37; *see also Bell v. Bell*, No. 08-2243 (6th Cir. Jan. 6, 2009)

(granting a certificate of appealability to determine whether a petitioner waived a statutory challenge by entering a valid and unconditional plea and whether the criminal statute is unconstitutionally vague).

Petitioner first asserts that he is entitled to habeas relief because the prosecution presented insufficient evidence to support his convictions. The testimony of victim Evelyn Jackson and eyewitness Arthur Everette, as well as that of Petitioner's former fiancee, provided sufficient evidence to establish that Petitioner committed the shooting under the standard set forth in *Jackson v. Virginia*, 443 U.S. 307, 319 (1979). Petitioner has not made a substantial showing of the denial of a constitutional right as to this claim.

Petitioner also asserts that he is entitled to relief because the trial court sentenced him at the high end of the guideline range on his assault conviction based upon inaccurate information. A claim that the state sentencing guidelines were incorrectly scored fails to state a claim upon which federal habeas relief can be granted. *See, e.g., Howard v. White*, 76 Fed. Appx. 52, 53 (6th Cir. 2003) (unpublished). Petitioner has also failed to establish a violation of his federal constitutional rights. He has not shown that his sentence was based upon an extensive and materially false foundation which he had no opportunity to correct. *See Townsend v. Burke*, 334 U.S. 736, 741 (1948). While Petitioner's sentencing guidelines were initially scored in error, they were corrected by the trial court. Petitioner has not made a substantial showing of the denial of a constitutional right as to this issue.

Lastly, Petitioner asserts that he is entitled to habeas relief because the trial court denied his request for substitute counsel and failed to adequately inquire into his request for new counsel. While the Court continues to believe that the trial court conducted an adequate, albeit

brief, inquiry into his request and denied that request in accordance with constitutional requirements, *see Benitez v. United States*, 521 F.3d 625, 632 (6th Cir. 2008); *United States v. Iles*, 906 F.2d 1122, 1130 (6th Cir. 1990), the Court nonetheless concludes that Petitioner has made a substantial showing of the denial of a constitutional right as to this claim and deserves encouragement to proceed further on this issue.

Accordingly, for the reasons stated, the Court **GRANTS** a certificate of appealability as to Petitioner's substitute counsel claim, but **DENIES** a certificate of appealability as to his insufficient evidence and sentencing claims.

**IT IS SO ORDERED.**


S/Arthur J. Tarnow
Arthur J. Tarnow
United States District Judge

Dated:  June 16, 2009

I hereby certify that a copy of the foregoing document was served upon counsel of record on June 16, 2009, by electronic and/or ordinary mail.

S/Catherine A. Pickles
Judicial Secretary